Filed 2/10/16  P. v. Singh CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>PRAVINDAR PREM SINGH,<br><br>    Defendant and Appellant. | C077348<br><br>(Super. Ct. No. 10F06920) |

Appointed counsel for defendant Pravindar Prem Singh asked this court to review the record to determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  After reviewing the record, we shall modify the judgment to include certain mandatory assessments.  In all other respects, the judgment is affirmed.

In accordance with *People v. Kelly* (2006) 40 Cal.4th 106, we will provide a summary of the offenses and the proceedings in the trial court.

About 3:15 p.m. on October 18, 2010, California Highway Patrol Officer Michael Salazar stopped a car for a traffic violation.  The officer approached defendant, the driver

1

and only occupant, and could smell marijuana coming from inside the car. When asked if there was marijuana in the car, defendant responded that there was some in the center console and that he had a medical marijuana card. Defendant claimed the car belonged to him but his sister had purchased it for him. When defendant got out of the car, the officer saw a digital scale on the driver's seat. From the center console, the officer retrieved two baggies of marijuana, weighing 8.12 grams and 9.35 grams. Defendant claimed he used the scale to measure the marijuana before smoking it. On the backseat, the officer found a backpack containing two bags of marijuana weighing 75 grams and 108 grams, empty baggies, scissors, six cell phones, pay/owe sheets, binoculars, and $580 in cash (two $100 bills and the rest in twenties). The officer did not find any drug paraphernalia suggesting personal use, such as a lighter, rolling papers, or a bong. Defendant was not under the influence.

An expert opined two of the papers found in defendant's car were consistent with pay/owe sheets for the sale of marijuana and the two bags of marijuana from the backpack contained a large amount of bud that had the highest concentration of THC. Some of the empty baggies were fold-and-seal bags that concealed odor, and the digital scale was commonly used by drug dealers. The packaging of the marijuana found in defendant's car was not consistent with packaging by medical marijuana dispensaries. The value of the 200 grams of marijuana was $2,100 and it was an unlikely amount to be carried at one time by a medical marijuana user. Based on a hypothetical, the expert opined the marijuana was possessed for sale.

Defendant obtained a medical marijuana recommendation from Dr. David Allen on November 14, 2009, and it was valid for one year. Dr. Allen recommended that his patients eat marijuana "raw" because smoking it was the least effective. Dr. Allen believed one gram a day was a minimal dosage and three to five grams would be used each time when ingested as tea. Defendant used medical marijuana for pain suffered as a result of a car accident. He ingested marijuana in tea and used between four and five

2

grams at a time. He also smoked marijuana with his friend, Krishneel Ram, who smoked marijuana for cancer and who lived with defendant and family members.

Defendant claimed the car he had been driving was registered to his sister and his car was in the shop. Defendant's girlfriend thought the car defendant had been driving belonged to defendant's mother and several people drove it. Defendant admitted the marijuana in the center console belonged to him, it was for his personal use, and he had smoked some that morning. Defendant admitted the scale belonged to him. The backpack with the bags of marijuana did not belong to him and he did not know to whom the backpack or marijuana belonged. Other than the iPhone, the cell phones did not belong to him either. He denied ownership of the scissors, binoculars, and pay/owe sheets. He claimed the money belonged to him, having received the two $100 bills as birthday gifts and the rest was money he earned from his landscaping job.

On cross-examination, defendant admitted a 2007 conviction for felon in possession of a firearm and a 2012 conviction for assault with a semiautomatic firearm.

The second officer who had arrived on the scene, Officer Ernest Gumm, confronted defendant about the large bags of marijuana. Defendant claimed the marijuana was for his personal use, denying he was a medical care provider, and the pay/owe sheets related to finances on his car. Defendant admitted ownership of the scale and scissors. On cross-examination, Officer Gumm was asked about his prior testimony. At the preliminary hearing, the officer testified he did not ask defendant about the backpack or pay/owe sheets. Defendant testified he was in the backseat of the patrol car when the backpack was discovered and the officer did not ask him about the backpack or pay/owe sheets.

A jury convicted defendant of possession of marijuana for sale (Health & Saf. Code, § 11359; count one) and transportation of more than 28.5 grams of marijuana (Health & Saf. Code, § 11360, subd. (a); count two). The court sentenced defendant to serve one-third the midterm or one year on count two to be served consecutively to the

3

term defendant was serving in state prison in San Joaquin County case No. LF012623A.[1] The court stayed sentence on count one pursuant to Penal Code section 654.

Defendant appeals.

Appointed counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*Wende, supra,* 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days elapsed, and we received no communication from defendant.

Although not orally pronounced by the trial court at sentencing, the amended abstract of judgment reflects an $80 court operations assessment (Pen. Code, § 1465.8), a $60 conviction assessment (Gov. Code, § 70373), and unspecified penalty assessments on the lab fee and drug program fee. Because the court operations assessment, the conviction assessment, and penalty assessments are mandatory, we will modify the judgment to include them. We note, however, the mandatory penalty assessments (such as the state penalty assessment (Pen. Code, § 1464, subd. (a) [$10 for every $10] and the county penalty assessment (Gov. Code, § 76000, subd. (a) [$7 for every $10]) are not specified or broken down on the lab fee and drug program fee. The abstract of judgment must "separately list, with the statutory basis, all fines, fees and penalties imposed." (*People v. High* (2004) 119 Cal.App.4th 1192, 1201.) Thus, we direct the trial court to separately list, with the statutory basis, all penalty assessments imposed. (See *id.* at p. 1200.)

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

---

[1] In San Joaquin County case No. LF012623A, defendant was convicted of two counts of assault with a semiautomatic firearm (Pen. Code, § 245, subd. (b)) and, on November 9, 2012, he was sentenced to state prison for an aggregate term of five years.

## DISPOSITION

The judgment is modified to include the $80 court operations assessment, the $60 conviction assessment, and penalty assessments on the lab fee and the drug program fee. The trial court is directed to prepare an amended abstract of judgment reflecting the breakdown of the penalty assessments on the lab fee and drug program fee and to forward a certified copy of the amended abstract of judgment to the Department of Corrections and Rehabilitation. As modified, the judgment is affirmed.

                                                 /s/
                                        HOCH, J.

We concur:

         /s/
BLEASE, Acting P. J.

         /s/
RENNER, J.